IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKEY MASON, #R04326,<br>          Plaintiff,<br><br>v.<br><br>HEATHER CECIL, *et al.*,<br><br>          Defendants. | Case No. 19-cv-01375-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Mickey Mason, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983. On January 29, 2020, the Court issued a Merit Review Order pursuant to 28 U.S.C. § 1915A. (Doc. 14). In the Order, the Court denied Mason's request for a temporary restraining order and his request for a preliminary injunction regarding interference with his legal mail and denial of access to the courts. (Doc. 14, pp. 19-20). Defendants were ordered to file an answer to his request for a preliminary injunction regarding harassment, sexual harassment, and retaliation by staff at Lawrence. Now before the Court is Mason's Motion for Reconsideration of the Merit Review Order to the extent it denied his request for a preliminary injunction for the interference with his legal mail and denial of access to the courts. (Doc. 22).

The Federal Rules of Civil Procedure do not explicitly contemplate motions to reconsider. Nevertheless, the Seventh Circuit has approved of district courts construing motions pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b) if it appears that a party is requesting relief available under those Rules. *United*

*States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). A motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht*, 517 F.3d at 494. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) sets forth a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons, including mistake or "any other reason justifying relief from the operation of judgment." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Mason's Motion fails under both standards. In support of his Motion, Mason recounts the allegations detailed in his Complaint regarding the mishandling of his legal and personal mail and the confiscation of his legal documents. He also adds that as recently as January 21, 2020, he attempted to mail a letter to the mayor of Chicago regarding concerns in his criminal conviction case, but the letter was returned as not

privileged mail that must be sent unsealed and that extra postage was needed, even though Mason had left the letter unsealed and attached a money voucher. (Doc. 22, p. 13-14). He tried again to mail the same letter to the mayor on January 22, 2020, but did not receive verification that the letter was mailed certified mail as requested or a response from the mayor. (*Id.* at pp. 3, 14). On January 29, 2020, Heather Cecil, mailroom supervisor, opened mail marked privileged and refused to mail a letter to the Illinois State Police stating that "only mail addressed specifically to CEO's of Illinois State Police is considered Privileged." (*Id.* at p. 8). Mason also claims that Heather Cecil has destroyed pictures of his daughter. (*Id.* at p. 18). He states that the mishandling of his mail has hindered his ability to adequately prepare and file documents for potential post-conviction petitions and seek a new trial. (*Id.* at p. 3). Mason argues that Lawrence staff are also attempting to deter him from pursuing legal action in this case. (*Id.* at p. 19).

As the Court stated in the Merit Review Order, Mason's right to access the courts is violated "only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." (Doc. 14, p. 10); *see Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall*, 445 F.3d at 968. The Court is not persuaded by Mason's new arguments that preliminary injunctive relief is warranted because he was recently unable to send a letter to the mayor of Chicago and the Illinois State Police, hindering his ability to file "potential" claims for post-conviction relief. Mason does not show any prejudice to a meritorious legal claim, such as expirations of

deadlines for filing habeas petitions, a missed court deadline, or cases that have been dismissed due to Defendants' conduct. "Speculative prejudice is not enough for an 'actual injury.'" *Hertel v. miller-Lewis,* 695 F. App'x 957, 961 (7th Cir. 2017) (citations omitted). Regarding his claim of denial of access to the courts in this case, in addition to the over 450 pages of filings he has submitted in this case, he has now filed this Motion for Reconsideration, which is 87 pages, demonstrating that he has not been "shut out of court." *See Christopher v. Harbury,* 536 U.S. 403, 415 (2002). Additionally, Mason has not missed any deadline in this case, and claims and parties have not been dismissed due to an inability to file a pleading or respond to a motion.

Mason adds to his allegations against Corrections Officer Fitch regarding denial of access to courts, designated as Count 12 and previously dismissed in the Merit Review Order. (Doc. 14, p. 17). He states that because Fitch did not let him take documents with him during an attorney visit the attorney did not take his case and impeded his ability to investigate his criminal case. (Doc. 22, p. 12). This event, however, happened in October 2019. Mason does not allege that he is currently being denied access to the courts by the Fitch's actions. *See Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). Furthermore, to the extent he is attempting to amend his Complaint to add additional allegations against Defendants, he must do so by filing an Amended Complaint, which includes all claims against all defendants. The Court does not accept piecemeal amendments to the Complaint.

The Court finds that Mason has not demonstrated a likelihood of success on the merits or immediate and irreparable harm regarding his claims of mishandling of his legal mail resulting in a denial of access to the courts. Nothing in the Motion for

Reconsideration suggests an error of law or fact under Rule 59(e) in this Court's Merit Review Order; nor has Mason stated an extraordinary or exceptional circumstance that would justify relief under Rule 60(b), and so his motion to reconsider will be **DENIED**.

**IT IS SO ORDERED.**

DATED:   February 18, 2020

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**