IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKEY MASON, #R04326,<br><br>           Plaintiff,<br><br>v.<br><br>HEATHER CECIL, *et al.*,<br><br>           Defendants. | Case No. 19-cv-01375-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Mason has filed a Motion for Leave to Appoint Counsel and a Motion to Provide Additional Information to the Court. In his Motion to Provide Additional Information (Doc. 40), Mason states that he filed a Motion for Leave to Appoint Counsel, consisting of six pages and eight exhibits, on April 29, 2020, but it does not appear on the docket in this case. The motion at Doc. 39, filed by the Clerk of Court on May 6, 2020, is titled "Motion for Leave to Appoint Counsel" and consists of a six page motion requesting the recruitment of counsel and eight exhibits. As such, the Motion for Leave to Appoint Counsel has been received and docketed in this case, and his Motion to Provide Additional Information (Doc. 40) is granted.

In the Motion for Leave to Appoint Counsel (Doc. 39), Mason states that he is unable to represent himself because members of IDOC staff are destroying outgoing mail and sabotaging his litigation. In support of this argument, he states that defendants in his other civil case have not received his initial disclosures, although he has mailed the

information requested. He also has no legal training and suffers from a mental illness. Mason states he is in need of an attorney because his claims involve issues that relate to medical treatment, which is a complex subject matter. He also needs help gathering evidence and preparing and responding to motions because he is unable to access the law library.

As a litigant in a civil case, Mason has no right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Of course, a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt*, 503 F.3d at 654 (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). Determining whether to appoint counsel is a two-prong inquiry. *Pruitt*, 503 F.3d at 655. The threshold question is whether the indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so. *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Only if the threshold has been met will the Court consider the second prong, *i.e.*, whether the plaintiff appears competent to litigate the case given its difficulty. *Pruitt*, 503 F.3d at 655.

In denying Mason's first request for counsel, he was informed that he must first demonstrate that he has made a reasonable attempt to find counsel on his own. Although Mason has shown reasonable efforts to locate counsel on his own without success, the Court is not persuaded that he requires court recruited counsel to assist him at this time. First, the Court reminds Mason that his medical claims have been dismissed as improperly pled. (*See* Doc. 14, p. 8). Second, in its consideration to recruit counsel, the Court inquires into the competency of Mason to litigate *this action*, not the difficulties he

is having in other civil suits.

In this case, Mason has filed seven motions and over six hundred pages of documents with the Court, including a number of exhibits. Defendants have not yet answered the Complaint, there are no pending deadlines for Mason to meet, and a scheduling order has not yet been entered. Mason has clearly demonstrated an ability to relay information to the Court and that he is competent to pursue this matter without representation at this early stage. Once discovery has commenced, if Mason has significant difficulty, he may refile his motion.

Accordingly, the Motion for Leave to Appoint Counsel (Doc. 39) is denied without prejudice.

**IT IS SO ORDERED.**

DATED: May 7, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**