IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKEY MASON, #R04326, | |
| Plaintiff, | Case No. 19-cv-01375-SPM |
| v. | |
| HEATHER CECIL, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on two motions filed by Plaintiff Mickey Mason. For the following reasons, both motions are **DENIED.**

The first motion is titled "First Motion for Extension of Time." (Doc. 91). The motion was filed on November 22, 2021, and requests additional time to identify the John Doe Defendants. A review of the docket shows that Mason previously filed an identical motion on September 21, 2020. (Doc. 51), and that motion was granted. (Doc. 59). After granting Mason a second extension of the deadline to identify the John Does and file a motion to substitute, the Court ultimately dismissed the John Does on December 11, 2020. (Doc. 65, 66, 70, 71). The Court finds no reason to revisit the issue now, and the motion is **DENIED.** (Doc. 91).

The second motion is titled "Motion to Appeal – Motion for Recruitment of Counsel. (Doc. 92). The motion is addressed to Chief Judge Rosenstengel, and Mason states he is appealing the undersigned's order denying his motion for recruitment for counsel. (Doc. 85, 89). He argues that the undersigned is biased, and he did not consent to have this case proceed before a magistrate judge. Mason asserts that the undersigned wrongly 1) dismissed Count 9 against the John Does;

Page 1 of 4

2) denied his motion for counsel; and 3) denied his motion to file an amended complaint. Mason asks for this case to be assigned back to Chief Judge Rosenstengel, that Count 9 be reinstated and the John Doe Defendants added back as parties, and that he be recruited counsel. The Court construes the motion as a motion seeking recusal of the undersigned and reconsideration of previous orders.

As for Mason's request seeking for the case to be reassigned, Mason is mistaken that this case has been referred or assigned to a magistrate judge. Although Chief Judge Rosenstengel was originally assigned to this case, the case was reassigned on October 6, 2020, to the undersigned, who is an Article III United States District Judge, pursuant to Administrative Order No. 277 for the purpose of evenly distributing cases amongst the United States District Judges in the Southern District of Illinois. There is no mechanism for Mason to appeal rulings in this case to another United States District Judge in this District. Furthermore, Mason as not presented a sufficient bases for recusal.[1] He disagrees with the handling of the case by the undersigned but does not assert a set of facts supporting a conclusion of bias or personal prejudice. *Liteky*, 510 U.S. at 555 ("judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion"). Accordingly, the request for the case to be reassigned back to Chief Judge Rosenstengel is **DENIED.**

Mason's request for the Court to recruit him counsel is also **DENIED.** Mason argues that the Court erred in determining that he was capable of prosecuting his claims because he has litigated 6 other cases in this district. (*See* Doc. 84). He states he has not litigated cases without assistance. Mason was assigned counsel in 5 of the cases and has received the assistance of other

---

[1] *See Martin-Trigona v. Gouletas,* 634 F. 2d 354, 355 n. 1 (7th Cir. 1980) ("[m]otions for recusal are properly addressed only to the judge who is the object of the motion). *See also Liteky v. United States*, 510 U.S. 540, 548 (1994) (noting that Section 455 "place [s] the obligation to identify the existence of [grounds for recusal] upon the judge himself").

inmates in litigating this case. Mason asserts that he has difficulty engaging in discovery. He has been transferred to another institution and no longer resides at the facility where the alleged events occurred. He points out that there are 18 Defendants and 15 witnesses that he need to be depose. Mason again iterates that he only has a fifth grade education level.

The Court still finds that Mason is capable of litigating this case. Despite his low education level and the number of Defendants and claims, Mason continues to show he is more than capable of prosecuting his claims. Mason's submissions are well above the average pro se litigant. He clearly understands the issues and the directions of the Court. As mentioned, Mason's arguments are supported by exhibits and case law. Furthermore, there is no indication that he will not be able to continue to seek assistance of other inmates as needed.

As to his discovery issues, "usually a transfer is an important factor to consider in deciding whether to recruit counsel for indigent litigants." *Olson v. Morgan,* 750 F. 3d 708, 712 (7th Cir. 2014). "But [Mason] hasn't explained why the transfer affected his ability to litigate this case." *Id.* Additionally, he has not made any requests to this Court for assistance in communicating with other inmates at Lawrence Correctional Center for the purposes of obtaining discovery. To the extent Mason wishes to depose Defendants and witnesses, it is not clear why other discovery tools such as interrogatories and affidavits are insufficient. To date, Mason has proven he is a competent pro se litigator, and the Court will not recruit counsel to assist him at this time.

Finally, Mason's request that the Court reconsider its previous orders denying him additional time to amend his complaint and substitute the John Does is **DENIED.** He argues that he should have been allowed to amend his complaint once as a matter of right. A plaintiff may amend the complaint once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). In all other

instances, a party may amend only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a)(2).

At the time Mason filed his motion for an extension of time to amend the complaint, the time for amending "once has a matter of course" had expired. (Doc. 70). Additionally, the deadline for filing an amended complaint had also passed. (*See* Doc. 51). Mason did not demonstrate good cause to amend the scheduling order and allow him more time to amend the complaint. (Doc. 71). *See also Alioto v. Town of Lisbon,* 651 F. 3d 715, 719 (7th Cir. 2011) (quoting FED. R. CIV. P. 15(a)(2)); *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (the good cause standard of Rule 16(b) "primarily considers the diligence of the party seeking amendment"). Thus, the Court did not make an error of law or fact when denying his motion and will not reconsider its denial. *See* FED. R. CIV. P. 54(b).

**IT IS SO ORDERED.**

**DATED:   July 25, 2022**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**